Dear Fire Marshal Blaine,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Which state agency, according to Title 63, Sections 122.1through 128.7, is responsible for regulation, inspection, and/orpermitting of the manufacture, storage, and transportation ofexplosive material within the State of Oklahoma?
 2. Do federal laws, rules, and regulations supersede OklahomaStatutes if the material in question is federal property intransit by government transport?
 3. Do federal laws, rules, and regulations apply if theexplosive materials are transported or stored for intrastatecommercial purposes?
 A. State Agency Responsibility For Enforcement Of Chapter 8 Of Title 63, Which Deals With Explosives and Combustibles.
I. Introduction
¶ 1 Chapter 8 of Title 63 of the Oklahoma Statutes is entitled Explosives and Combustibles. That chapter is divided into three parts:
Part I. Definitions
 Part II. The Oklahoma Explosives and Blasting Regulation Act, and
Part III. Nitroglycerine
¶ 2 Part I of Chapter 8 of Title 63 defines three terms for the purposes of the entire chapter: the terms "explosive," "blasting agent," and "person." See 63 O.S. Supp. 1999, § 121.1[63-121.1].
¶ 3 Part II of Chapter 8 of Title 63 is the Oklahoma Explosives and Blasting Regulation Act, which in regulating explosives and blasting, provides for overlapping and multiple jurisdiction of the four regulating state agencies. See 63 O.S. Supp. 1999, §§122.1-124.8.
¶ 4 At 63 O.S. Supp. 1999, § 122.2[63-122.2](1), the Oklahoma Explosives and Blasting Regulation Act specifies the "jurisdictional areas" of state agencies "relating to the regulation of blasting and explosives." The responsibilities specified are "in addition to those otherwise provided by law and assigned to the specific state agency." Id. The section provides for the general jurisdictional responsibilities of four state agencies over explosives and blasting agents:
1. The Department of Mines,
2. The State Fire Marshal,
3. The Department of Public Safety, and
4. The Department of Environmental Quality.
II. Regulatory Responsibility Of The Department Of Mines OverExplosives and Blasting Agents
¶ 5 The statutory scheme of Chapter 8 of Title 63 vests the Department of Mines with the primary responsibility for regulating the use, manufacture and storage of explosives and blasting agents. Under the statutory scheme such regulationfalls on the Department of Mines unless specifically made theresponsibility of another state agency. See 63 O.S. Supp.1999, § 122.2[63-122.2](1)(c).
¶ 6 The general provision of 63 O.S. Supp. 1999, § 122.2[63-122.2]
divides the regulatory jurisdiction of the Department of Mines into three major areas: 1) the use of explosives and blastingactivities for surface and non-surface mining; 2) the useof explosives and blasting activities for non-miningactivities [except as otherwise provided in the Oklahoma Explosives Blasting Regulation Act]; and 3) the use of explosives and blasting activities not subject to the specificstatutory authority of another agency, as follows:
 1. Department of Mines. The Department of Mines shall have the following jurisdictional areas relating to the regulation of blasting and explosives:
 a. the use of explosives and blasting activities
for surface and nonsurface mining operations
pursuant to Title 45 of the Oklahoma Statutes,
 b. except as otherwise provided by this part, the use of explosives and blasting activities for nonmining activities,
 c. except as otherwise provided by this part, the regulation of the use of explosives or of blasting activity not subject to the specific statutory authority of another state agency[.]
63 O.S. Supp. 1999, § 122.2[63-122.2] (emphasis added).
¶ 7 More specifically, the Department of Mine's regulation of non-mining operations is dealt with at 63 O.S. Supp. 1999, §123.1[63-123.1](A). There, the Department is given regulatory responsibility for "all blasting operations or activities,
and the storage and use of all blasting agents and explosives by any person, which is not located within the area of a mining operation or site."[1] Id.
¶ 8 Additionally, that section requires the Oklahoma Mining Commission to promulgate rules and regulations, and requires that blasting activities and operation only be conducted by persons "certified as a blaster by the Department of Mines."
 B. Except as otherwise provided by this part [the Oklahoma Explosives and Blasting Regulation Act], it shall be unlawful for any person to store or use any blasting agents or explosives, or conduct, supervise or control a blasting operation in this state without first complying with the provisions of the Oklahoma Explosives and Blasting Regulation Act and rules promulgated by the Oklahoma Mining Commission.
 C. Except as otherwise required by this part, by January 1, 1996:
 1. Any person performing blasting activity shall be certified as a blaster by the Department of Mines;
 2. All blasting operations shall be conducted under the direction of a certified blaster. Blaster certification may be obtained from the Department upon application and proof of competency as determined by rules of the Department[.]
Id. (emphasis added).
¶ 9 Under Division 1 of the Oklahoma Explosives and Blasting Regulation Act, which deals with the Department of Mines, the Department, at 63 O.S. Supp. 1999, § 123.2[63-123.2], is also given the responsibility of issuing permits not only for the use ofexplosives or blasting agents, but for the manufacturing andstoring of explosives or blasting agents:
 A. Except as otherwise provided by this part, it is a violation to manufacture, store, or use explosives or blasting agents without first obtaining a permit from the Department of Mines.
 B. Permits issued under this division shall not be transferable, and shall be readily available for inspection by representatives of the Department and law enforcement officials.
 C. The Department may place such restrictions and limitations on permits as it deems necessary.
 D. The Department may issue one-time or limited-time permits or permits for continuous blasting operations.
63 O.S. Supp. 1999, § 123.2[63-123.2] (emphasis added).
¶ 10 Persons wishing to purchase blasting agents or explosives, by the provisions of 63 O.S. Supp. 1999, § 123.2A[63-123.2A], are required to either present a permit issued by the Department of Mines, or an "exemption notification" from the Department of Mines that states that the person "is exempt" from the "permit requirement."
¶ 11 The Department of Mines at 63 O.S. Supp. 1999, § 123.3[63-123.3]
is empowered to enforce the provisions of Division 1 [Sections 123.1-123.8 of Title 63] and, for such purposes, is specifically empowered to "issue permits," "deny, suspend or revoke permits upon a finding of noncompliance or violation," and "hold hearings" upon application of persons aggrieved by Department orders which either deny, suspend or revoke a permit. In addition, the Department is empowered to "[i]nspect, during normal business hours, any building, structure, or premises subject to the provisions of this division, [Division 1 of the Oklahoma Explosives Blasting Regulation Act, 63 O.S. Supp. 1999,§§ 123.1-123.8] and, upon the discovery of any violation of this division or the applicable rules, issue such orders as are necessary for the safety of workers and the public." 63 O.S.Supp. 1999, § 123.3[63-123.3](4). In the case of "imminent hazard or emergency," the Department of Mines is further empowered to seek injunctive relief in the appropriate district court. Id.
¶ 12 The Department of Mines' authority to promulgate regulations dealing with Division 1 of the Oklahoma Explosives Blasting Regulation Act is reaffirmed at Section 123.4 of Title 63, which also empowers the Department to establish fee schedules. Any person found guilty of violating the provisions of Division 1 of the Act, or any rule promulgated pursuant to Division 1, "may be assessed an administrative penalty [to be established] by the Department." 63 O.S. Supp. 1999, §123.5[63-123.5](A).
¶ 13 Finally, under Part III of Chapter 8 of Title 63 [63 O.S.Supp. 1999, §§ 128.1-128.7], which deals with the regulation and use of nitroglycerine, the Chief Mine Inspector or deputy may issue a permit for temporary storage of nitroglycerine in quantities not to exceed 500 pounds. See 63 O.S. Supp. 1999, §128.2[63-128.2].
¶ 14 In short, unless another state agency is given specific statutory authority to regulate the use of explosives or blasting agents and the storage of explosives and blasting agents, such regulation falls upon the State Department of Mines. Additionally, the Department of Mines is responsible for issuing permits for the manufacture, storage and use of explosives and blasting agents. As discussed below, the State Fire Marshal also has some responsibility in this area.
III. Regulatory Authority of the State Fire Marshal Under theOklahoma Explosives and Blasting Regulation Act
¶ 15 As provided in pertinent parts of 63 O.S. Supp. 1999, §122.2[63-122.2](2), the general jurisdiction of the State Fire Marshal, under the Oklahoma Explosives and Blasting Regulation Act is established as follows:
 2. State Fire Marshal. The State Fire Marshal shall have regulatory jurisdictional responsibility relating to explosives as follows:
 a. the regulation of the manufacture, sale, transportation for hire or storage of explosives or blasting agents for resale pursuant to Division 2 of the Oklahoma Explosives and Blasting Regulation Act,
 b. the examination of buildings and premises and reporting and orders authorized pursuant to Section 317 of Title 74 of the Oklahoma Statutes[.]
Id. (Emphasis added).
¶ 16 Division 2 of the Oklahoma Explosives and Blasting Regulation Act, Title 63 O.S. Supp. 1999, §§ 124.1-124.8, deals entirely with the regulatory authority and responsibility of the State Fire Marshal. At Section 124.1 of Title 63, the State Fire Marshal Commission is empowered to promulgate rules for the administration and enforcement of Division 2 of the Act.
¶ 17 The general regulatory power of the State Fire Marshal over explosives or blasting agents deals with their manufacture,sale, transport for hire, or storage for resale, and requires that the State Fire Marshal issue permits for such activities:
 A. No person shall manufacture, sell, transport for hire, or store for resale explosives or blasting agents without first obtaining a permit to engage in such activity from the State Fire Marshal; provided, however, the State Fire Marshal shall waive the state permit requirement where a valid federal license or permit has been issued.
 B. Explosives or blasting agents shall not be sold, given, delivered or transferred to any person who does not furnish the information required in subsection C of this section.
 C. It shall be unlawful for any person to purchase, receive or obtain explosives or blasting agents without first furnishing to the seller or distributor the following information: a statement of intended use, name, date, quantity, social security number or taxpayer identification number, and place of residence of any natural person to whom explosives or blasting agents are distributed. If explosives or blasting agents are sold or distributed to a corporation or other entity, such information shall include the identity and principal and local places of business, statement of intended use, quantity, date, name, social security number, and place of residence of the natural person acting as agent of the corporation or other entity in arranging the purchase or distribution.
63 O.S. Supp. 1999, § 124.3[63-124.3] (emphasis added).
¶ 18 The State Fire Marshal, in enforcing the provisions of Division 2 of the Oklahoma Explosives and Blasting Regulation Act, is empowered by 63 O.S. Supp. 1999, § 124.6[63-124.6], to inspect any building, structure or premises or any person subject to the provisions of the Division. Finally, the State Fire Marshal is empowered to deny, revoke or suspend permits issued under the authority of that Division. See 63 O.S. Supp. 1999, § 124.7[63-124.7].
¶ 19 Under the present statutory scheme, both the Department of Mines and the State Fire Marshal issue permits dealing with the manufacture, storage, and sale of explosives and blasting agents. The Fire Marshal additionally issues permits dealing with the transportation for hire of such substances.
IV. Jurisdictional Responsibilities Of The Department Of PublicSafety And The Department Of Environmental Quality Under TheOklahoma Explosives And Blasting Regulation Act
¶ 20 In providing for the regulatory jurisdictional responsibility of both the Department of Public Safety and the Department of Environmental Quality under the Oklahoma Explosives and Blasting Regulation Act, the Legislature refers to those agencies' responsibilities under existing laws — laws under which those agencies already have substantial responsibility.
¶ 21 The Department of Public Safety's responsibility relates to the transportation of the explosives or blasting agentsclassified as hazardous materials:
 3. The Department of Public Safety. The Department of Public Safety shall have the regulatory jurisdictional responsibility relating to the transportation of explosives or blasting agents classified as hazardous materials pursuant to the Oklahoma Motor Carrier Safety and Hazardous Materials Transportation Act[.]
63 O.S. Supp. 1999, § 122.2[63-122.2](3) (emphasis added).
¶ 22 In similar fashion, the jurisdictional responsibility of the Department of Environmental Quality relates to the disposal of explosives or blasting agents classified as solid orhazardous waste:
 4. Department of Environmental Quality. The Department of Environmental Quality shall have jurisdictional responsibility relating to the regulation and disposal of explosives or blasting agents classified as solid or hazardous waste
pursuant to the Oklahoma Environmental Quality Code.
63 O.S. Supp. 1999, § 122.2[63-122.2](4) (emphasis added).
¶ 23 In sum, under Chapter 8 of Title 63, the transportation of explosives and blasting agents that constitute "hazardous materials" under the Oklahoma Motor Carrier Safety and Hazardous Materials Transportation Act are regulated by the Department of Public Safety, and such substances that constitute solid or "hazardous waste" under the Oklahoma Environmental Quality Code are regulated by the Department of Environmental Quality.
 B. State Laws And Rules And Regulations Dealing With Explosives And Combustibles Are Not Applicable To Federal Agencies.
¶ 24 In your second question, you ask whether federal law, rules and regulations supersede Oklahoma Statutes if the explosive or combustible material in question is federal property being transported by federal government transport. Under the Supremacy Clause of the United States Constitution, Article 6, Clause 2, the federal law is the supreme law of the land. Thus, where applicable, federal law supersedes state law. As the United States Supreme Court has held on many occasions, under the Supremacy Clause "in the absence of congressional consent, there is an implied constitutional immunity of the national government from state taxation and from state regulation of the performance, by federal officers and agencies, of governmental functions."Penn Dairies v. Milk Control Comm'n of Pennsylvania,318 U.S. 261, 269 (1943). Under this implied immunity, explosive materials and blasting agents being used, transported or stored, indeed even manufactured by federal officials or employees, are exempt from the provisions of the Oklahoma law regulating such activity.
 C. Federal Laws And Regulations On Explosives And Combustibles Deal With Interstate And Foreign Commerce; They Do Not Deal With Intrastate Activities.
¶ 25 In your third and final question, you ask whether federal laws, rules and regulations apply if explosive materials are transported or stored for intrastate commercial purposes. At18 U.S.C. §§ 841-847, the United States Congress deals with the importation, manufacture, distribution and storage of explosive materials. At Section 841 of Title 18, Congress defines the term "interstate or foreign commerce" to mean commerce between any place in a state and any place outside of that state, or within any possession of the United States or the District of Columbia, and commerce between places within the same state but through any place outside of that state. In establishing unlawful transport, shipping or receiving of explosive materials, the Federal Act at18 U.S.C. § 841 makes it unlawful for anyone, other than a licensee or permittee, to knowingly "transport, ship, cause to be transported, or receive in interstate or foreign commerce any explosive materials." 18 U.S.C. § 842(a)(3)(A) (1996). Further, that Section also makes it illegal for anyone other than a licensee or permittee to knowingly distribute explosive materials to any person (other than a licensee or permittee) who the distributor knows or has reasonable cause to believe " does notreside in the State in which the distributor resides." Id. at § 842(a)(3)(B) (emphasis added).
¶ 26 The scope of the Federal Act thus deals with interstate or foreign commerce only, and does not deal with intrastate activities. Accordingly, federal law and regulations on these subjects do not apply to such activities which take place in intrastate commerce.
¶ 27 Further, at 18 U.S.C. § 848 (1970), in defining the scope of Chapter 40, which deals with the importation, manufacture, distribution and storage of explosive materials, Congress made it clear that it did not intend to occupy this field of regulation, and that it is only in the case of a direct, positive conflict between state and federal law on interstate activities that cannot be reconciled, that the federal law will control:
 No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together.
Id. (emphasis added).
¶ 28 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under the provisions of the Oklahoma Explosives andBlasting Regulatory Act, 63 O.S. Supp. 1999, §§ 122.1-124.8,the Department of Mines is vested with the regulatoryjurisdiction over:
 a. the use of explosives and blasting agents for surface andnon-surface mining operations;
 b. the use of explosives and blasting agents for non-miningactivities;
 c. all blasting operations and activities and the storage anduse of all blasting agents not located within an area of miningoperations;
 d. the issuance of permits for the use, manufacture, storage,and purchase of explosives and blasting agents;
 e. the issuance of permits (by the Chief Mine Inspector orDeputy) for the temporary storage of nitroglycerin in quantitiesnot to exceed 500 pounds.
 2. Additionally, under the provisions of the OklahomaExplosives and Blasting Regulatory Act, the regulation and use ofexplosives or blasting activities not subject to the specificstatutory authority of another state agency, is vested in theDepartment of Mines.
 3. Under the provisions of the Oklahoma Explosives andBlasting Regulatory Act, 63 O.S. Supp. 1999, §§ 122.1-124.8,the State Fire Marshal is vested with the following regulatoryauthority related to explosives and blasting agents:
 a. manufacture,
 b. sale,
 c. transportation for hire, and
 d. storage for resale.
 4. Under the Oklahoma Explosives and Blasting Regulatory Act,63 O.S. Supp. 1999, §§ 122.1-124.8, the Department of PublicSafety has general regulatory jurisdiction responsibility overthe transportation of explosive or blasting agents classified ashazardous material under the Oklahoma Motor Carrier Safety andHazardous Materials Transportation Act, 47 O.S. 1991 and Supp.1999, §§ 230.1-230.15;
 5. Under the Oklahoma Explosives and Blasting Regulatory Act,63 O.S. Supp. 1999, §§ 122.1-124.8, the Department ofEnvironmental Quality has general jurisdictional responsibilityover the disposal of explosive or blasting agents classified assolid or hazardous waste under the Oklahoma Environmental QualityCode, 27A O.S. Supp. 1999, §§ 2-1-101-2-15-110;
 6. Under the Supremacy Clause of the United StatesConstitution, Article 6, Clause 2, in the absence ofcongressional consent, there is an implied constitutionalimmunity of the national government from state taxation andregulation of the performance, by federal officers and agents, ofgovernmental functions. Thus, the provisions of the OklahomaExplosives and Blasting Regulatory Act, 63 O.S. Supp. 1999, §§122.1-124.8, do not apply to federal officers and employeesperforming governmental functions, and
 7. State regulation of explosives and combustibles, under theOklahoma Explosives and Blasting Regulatory Act, 63 O.S. Supp.1999, §§ 122.1-124.8, concerning the transportation orstorage of explosives or blasting agents for intrastatecommercial purposes, are not superseded by federal law, rules andregulations regarding the importation, manufacture, distributionand storage of explosive materials found at18 U.S.C. §§ 842-847, because that statute deals only with interstate orforeign commerce, and not with intrastate activities.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] A. Pursuant to the Oklahoma Explosives and Blasting Regulation Act, except as otherwise provided by this part, [the Oklahoma Explosives and Blasting Regulation Act] the Department of Mines shall be responsible for the administration, regulation and enforcement of all blasting operations or activities, andthe storage and use of all blasting agents and explosives by anyperson, which is not located within the area of a miningoperation or site.